United States District Court
District of Connecticut

Raul Delgado
Plaintiff

Federal Court
141 Church street
New Haven. Connecticut
06510

v.

LT Concepcion

CASE NO _____

Date May 6   2020

ᵒOfficer Cruz

## Memorandum of Law

"The First Amendment forbids prison officials from retaliation against prisoners for exercising the right to free speech.

Crawford-El v Britton   523 U.S. 574. 588 N.10 118 S. Ct. 1584 (1998) (" the reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected rights").

On this day in question. LT Concepcion said this Plaintiff made a commit of threats to his life. therefore after the First disciplinary report was found to be. A Second disciplinary report was written.

On February 23,2020 officer. Officer Cruz wrote the Plaintiff a class a disciplinary action. Claiming that the Plaintiff had drugs in his pocket. at some point officer C/O Cruz stated he told me to take / and show him what I had. the items was 4 individual's pack's of Sugar;

- 1-

what ever I had out of my pocket. The Plaintiff informed the officer he had nothing in his pocket and continue on his way.

At that point a code was called and the Plaintiff was Cuffed and sent to RHU;

Upon Strip Search of the Plaintiff, all that was Found was (4) Four packs of Sugar that is given out at breakfast time;

This said Plaintiff was given a disciplinary report for "interfering with safety and security." Plaintiff was found "Not Guilty". . . on 3-11-2020.

The Plaintiff told the LT. this is wrong and why are my rights being violated "I'm going to sue you and officer Cruz, Your putting me in RHU for no reason.

On Feb. 24.2020 LT Concepcion was conducting an interview with Plaintiff.

This Plaintiff explain to the LT. that it was wrong to place him in Administrative Detentions for no reason - For having 4 pack's of Sugar, nothing else was found. less than 24 hours the Plaintiff was served another ticket For threating an officer · I never said I would hurt any one - LT Concepcion "twisted" my words in his Favor, because he ("LT concepcion and officer Cruz') both conspired to frame me; up on wrong change right from the start.

the Plaintiff case show that because of actions that set in motion for retaliation, C/o Cruz target the Plaintiff right from the start - the State of Connecticut D.O.C. has what they call a "buddy System."

Coughlin v. Gaston, 81 F. Supp. 2d 381 (N.D. N.Y 1999) ("awarding damages for trumped-up disciplinary changes made in retaliation for prisoners".)

there are five basic elements that the Plaintiff has proven: (1) an assertion that a State actor [C/o Cruz] took some adverse action against an inmate;

(A) Inmate Raul Delgado # 318310 was target for no unknown reason;

(3) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal")

McDougall Correctional Staff never investigated why the trumped-up Changes was written. the Plaintiff was found "Not Guilty" and at that point all the misleading allegations started.

Respectfully submitted
Raul Delgado
Raul Delgado
# 318310

- 3 -

United States District Court
District of Connecticut

Paul Delgado
     Plaintiff

Federal Court
141 Church Street
New Haven, Connecticut
06510

v.  LT Concepcion

v.  C/o Cruz

Individual Capacity

Case No: _____
Dated May 6, 2020
Request: Jury Trial

## Cause of Action

This Plaintiff hereby states, on Feb. 23, 2020, while housed at McDougall/Walker CI 1153 East Street South Suffield, Connecticut, he recieved a Disciplinary Report from C/o Cruz for interfering with safety and security. he was placed in Administrative Detention for a long period of time - 2-23-2020 - 3-4-2020 until 3-17-2020 ( 20 days until investigation completed )

This said Plaintiff filed two (2) different Inmate Administrative Remedy forms (1) on 3-18-2020 and (2) 3-25-2020, both of which has not been answered.

## Exhaustion of Administrative Remedies

As of May 5, 2020 both Grievances has not been answered. the Plaintiff has been ordered to produce the original copy - D.O.C. only gives a copy of change/charges to any party.

—1—

Claims For Relief

1. The action of C/O Cruz and LT Consercion in their abuse of power against Plaintiff without means or provocation. were done maliciously and sadistically and constituted cruel and unusual punishment in Violation of the Eight Amendment of the United States Constitution.

2. The Plaintiff states the actions of C/O Cruz cause him a great discomfort and deprived him to complete all program asigns to him by the Court;

3. The actions of defendant's LT Concepcion refusing to investigate the false allegations that supported herasment by C/O Cruz and providing an inadequate written disposition of the Change; and to retalinate against the Plaintiff "as way of Buddy System", denied the Plaintiff First Amendment Rights.

The Plaintiff indeed filed an Administartive Remedy and as stated - Both complaint are unanswer, which won't allow the Plaintiff to move forward Unnen, D.O.C.

dated May 6 2020

Submitted By

Raul Delagdo

Raul Delagdo

United States District Court

Paul Delgado

v.

LT Concepcion
)
) Individual Capacity
v.
O/flue Cruz,

Federal Court
141 Church Street
New Haven, Connecticut
06510

Case No. _____

May 6, 2020

## Statement of Claim
## Misuse of Power and Filing Fault Charges

This Plaintiff states as follows; I Paul Delgado
on Feb. 23. 2020. he was housed at M$^c$Dougall / Walker
C.I. 1153 East Street South - Suffield. Connecticut -
was change with a disciplinary report by C/O Cruz.

1. interfering with Safety and Security;

2. upon request maded by C/O Cruz. the Plaintiff pulled
out 4 individual pack's of Sugar;

3. Sighted on Feb. 23. 2020 — March 17, 2020

4. on Feb 24, 2020 LT Concepcion wrote another
charge for threading - A Class A D.R.

5. Change one was found to be Not Guilty on 3-11-2020

the Plaintiff States both Changes was basic upon 4 sugar
pack's he recieved from breadfast tray. once o/flue Cruz
placed a via to his Supervisor by way of Radio. he
came to understand it was just Sugar. at the basic of his
allegation. C/O Cruz misuse his power as an o/flue of D.O.C.
at that point the Plaintiff was "target" as result the Plaintiff
was retaliation on and was given a charge for threading.

— 1 —

the Plaintiff was placed in Administrative Detention.

ONE Court stated that a disciplinary hearing "terminates" an officer's possible liability for the filing of A false disciplinary report".

However, the Plaintiff thinks that is wrong: When prison staff "Make[] false reports and recommendations with the purpose or expectation that they [will] lead to segregation confinement", there should be subject to liability under the usual principle that individuals can be held liable for the foreseeable consequences of their actions.

The Court thinks these rules make a sham of due process and the Plaintiff agree with the Court.

Oart. the Standards of due process and of evidence (4 sugras packa) are so low in prison disciplinary processing, where a prisoner can be found guily on nothing more than an officers written report, that is always foreseeable that filing a disciplinary report will result in dicipline after a hearing even if the report is "fabricated". . .

this Plaintiff has and is still suffering at this point. lost of good time. lost of Jobs, lost of programs due to the fact he was Transferred to another Jail that does not hold these programs, and the list gose on. Lost of Commissary, Visitation with his family and Childrens. D.O.C stand for Department of Corrections not Department of false hope . . . .

-2-

On Feb. 28, 2020 after being placed in RHU the retaliation set in. and Lt Dixson upon the investigators stated the Plaintiff use words in a threating manner.

These words I never spoke. I was placed in RHU for no reason - and those changes was dropped, to be signal out without a witness or mental health present or another officer. Staff can Just go around and write reports for no reason what so ever - is wrong- the Plaintiff served 17 days in Seg and lost of 15 days good time, basic on no Evidence. both parties even if their allowed majority view that prison staff are generally privileged to make up disciplinary charges with impunity. the Plaintiff was punished based on false charges and to confined the Plaintiff. the false changes may or may not deny due process, however, they violate other rights of the Plaintiff.

the courts have reckers/and Recognize and in agreement that disciplinary Changes brought in "Retaliation" for filing any other means of Inds. the Plaintiff was found not Guilty and then staff turn right around and file more trump-up Charges.

the Plaintiff has filed a grievance. making complaint against both parties and will with this Claim filed or engaging in other activities protested by the Constitution violate the substantive constitutional rights in Questions.

Winston v. Coughlin, 789 F. Supp. 118, 120-21 (W.D.N.Y. 1992). (holding allegation that officers filed fabricated reports to conceal their Eighth Amendment violations states a claim)...

The phrase "major disruption" has a very narrow meaning. Therefore. Connecticut law and D.O.C. directives <u>Cannot</u> Create liberty interests in most cases.

Because of the actions taken by the defendant's and the lost of Good Time (15 days) Connecticut has given prisoners no interests with regard to transfer from one prison to another; However. unless a transfer is made in <u>Retaliation</u> for a prisoner's exercise of his or her fundamental rights].

<u>Retaliation</u>

One can not attack another for unfounded reasons — a misuse of power is treated "a threat" because of the situation. <u>Inmate vs. Staff</u>. the uniform gives the officer whether it be high rank or C.O — the playing field always turn to the officer even if the prisoners has been found "Not Guilty"....

Submitted by
Paul Delgado
Paul Delgado

Dated: May 6 2020

Relief requested

1. the defendant's action taken by Lt Jamison / Josman in conducting the Plaintiff disciplinary investigation and;

2. the defendant's C/o Cruz writing a false disciplinary report, set a chain of events in motion.

## Jurisdiction

the Court has Jurisdiction over Plaintiff Claim state law tort Claim under 42 U.S.C. § 1983

under the Color of Law, the semblance of legal rights An action under color of Law has the apparent authority of law but is actually contrary to Law.

Individual Defendant's: Causation and Personal Involvement under § 1983, only a person who "subjects. or causes to be subjected" the Plaintiff to a deprivation of rights can be held liable

1. the defendant participated directly in the allegations constitutional violation;

2. the defendant after being informed of the violation through a report failed to remedy the wrong.

3. the defendant was grossly Negligent in supervising subordinates who committed the wrongful act. or

(4) the defendant exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that unconstitutional acts were occurring.

<u>Colon v. Coughlin</u> → 58 F.3d 865, 873 (2d Cir. 1995)

-5-

Some lower courts have held that after _Ashcraft_
_v. Iqbal_ supra, only the first and third categories can
still be used to establish supervisory liability..

Submitted by

Raul Delgado

Corey Av. Bridgewater Ct.

786 Norwich-New London. Tpk
06382

Certifications

I hereby state all the information
giving at this time is best of my knowledge
on this day __19__ of March 2020

-6-

# EXHIBIT A



# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| Facility/Unit: MWCI | Report date: 2-25-2020 |
|---|---|

| Inmate name: Delgado, Raul | Inmate number: 318310 |
|---|---|

| Housing unit: | Location of incident: RHU Interview Room |
|---|---|

| Report number: MWCI2-000083 | Incident date: 2-24-2020 | Incident time: 9:45 | ☒ am ☐ pm |
|---|---|---|---|

| Offense: Threats | Offense class: ☒ A ☐ B ☐ C |
|---|---|

**Description of violation:**
On Monday February 24, 2020 at 9:45am, I (Lieutenant Concepcion) was conducting an interview with inmate Delgado, Raul #318310. During the interview, inmate Delgado began making serious threats towards the safety and well-being of Officer Cruz. Inmate Delgado stated to this writer, "As soon as I get out of here (RHU) I'm going to fuck that mother fucker up, I promise on my daughter's life, he will get dealt with, he (Officer Cruz) put me in here for no reason, so I promise you he's going to get hurt when I get out of here!" This direct threat on an Officer's safety is a direct violation of A.D. 9.5, as a result a Class A "Threats" ticket is issued.

**Witness(es):**

**Physical evidence:**

| Reporting employee (print): Concepcion | Title: Lieutenant |
|---|---|

Reporting employee (signature):

| Date: 2-25-2020 | Time: 7:30 ☒ am ☐ pm | Employee requests copy: ☐ yes ☒ no |
|---|---|---|

## CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☐ Administrative Detention | Date: | Time: ☐ am ☐ pm |
|---|---|---|

| ☐ Accused inmate interviewed | ☐ Informal disposition |
|---|---|

Custody Supervisor / Unit Manager name (print): _Spencer L_

Custody Supervisor / Unit Manager signature:

| Title: CT | Date: 2/25/2020 | Time: 8:00 ☒ am ☐ pm |
|---|---|---|

## INMATE NOTICE

| Delivered by (print): Leiper | Delivered by (signature): |
|---|---|

| Title: C/O | Date: 2/25/20 | Time: 8:10 ☒ am ☐ pm |
|---|---|---|

☐
- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.
- Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive.



# Disciplinary Report
## Connecticut Department of Correction

CN 9503/2
REV 10/0ᵢ/19

| Investigator: M. Harris | Receipt date: 2/25/20 | Time: 7:00 | ☒ am | ☐ pm |

**Attempt, accessory and conspiracy:** When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense without having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

## CLASS A OFFENSES

Alteration of a specimen
Arson
Assault
Assault on a DOC employee
Bribery
Contraband (dangerous instrument, escape item, unauthorized currency, drug and/or tobacco, drug and/or tobacco paraphernalia, intoxicating substance, tattoo equipment, wireless communication device or component)
Creating a disturbance
Destruction of property ($100 or more)

Escape
Escape from PCS Supervision
Falsely Reporting an incident
Felonious misconduct
Fighting
Flagrant disobedience
Hostage holding
Hostage holding of a DOC employee
Impeding order
Interfering with safety or security
Intoxication
Possession of Sexually Explicit Materials

Public Indecency
Refusal or Removal Of an Institutional Program or Policy
Refusal to give a specimen
Refusing Housing
Riot (declaration by DOC Commissioner)
Secreting identity
Security Risk Group Affiliation
Security tampering
Self-mutilation
Sexual misconduct
Theft ($100 or more)
Threats
Violation of Program Provisions

## CLASS B OFFENSES

Bartering
Causing a disruption
Contraband (unauthorized items, items in excess of authorized amounts.

Destruction of property (under $100)
Disobeying a direct order
Gambling
Giving false information

Insulting language or behavior
Misdemeanant misconduct
Out of place
Theft (under $100)

## CLASS C OFFENSES

Disorderly conduct          Lingering          Sanitary/housing violation          Violation of unit rules

### Waiver of 24-hour Notice

I hereby waive my right to a 24-hour notice of hearing, and request that a hearing be held at the earliest convenience of the hearing officer.

| Inmate signature: | Date: |
| Witness signature: | Date: |

### Waiver of Appearance

I hereby waive my appearance at the disciplinary hearing. This does not constitute a guilty plea.

| Inmate signature: | Date: |
| Witness signature: | Date: |

### Guilty Plea

I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| Inmate signature: | Date: |
| Investigator/hearing officer signature: | Date: |

### Deferral of prosecution

| ☐ Prosecution deferred by Disciplinary Coordinator | Through date: |
| Disciplinary Coordinator signature: | Date: |
| Inmate signature: | Date: |



# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/1
Rev 10/01/19

| Facility/Unit: MACDOUGALL C. I. | Housing unit: H2-91 / S-11 |
|---|---|
| Report date : 02/24/2020 | Report number: MWCI2003083 | Hearing date: 3/11/2020 |

| Inmate name: DELGADO, RAUL | Inmate number: 318310 |
|---|---|
| Reporting employee: LT. CONCEPCION | DHO: LT. Davis |
| Investigator: GONZALEZ / MATTHEWS | Advisor: ~~CTO SEALY~~ CTO Rodriguez |

| Inmate appearance: | ☒ yes | ☐ no | Reason: |
|---|---|---|---|

☐ Suspended sentence

| ☐ Deferred prosecution | Number of days | Through: |
|---|---|---|
| ☐ Charge dismissed | By: | Reason: |

Continuances (dates and reasons): 3/5/20 — 3/18/2020 (Investigation/Advisor)

**SANCTIONS:**
15 PLS →3/10/2020
2/24/20 — 60 LOP
3/2/20) thru 5/9/2020
60 LOL
3/2/20 —>5/9/2020
15 RRECC

## SUMMARY

| | Charge/class | Plea | Finding | Forfeiture of Risk Reduction Earned Credits: | | |
|---|---|---|---|---|---|---|
| Original | **THREATS / A** | Not Guilty | Guilty | | | |
| Substitute | | | | ☐ -10 | ☒ -15 | ☐ - 25 |

| ☐ Confidential information | Reliability: | ☐ - 60 | ☐ - _____ |
|---|---|---|---|

| Documentation submitted: | ☐ Incident report | ☐ Medical incident report |
|---|---|---|
| | ☐ Use of force report | ☐ Other (specify) |

| Witness name: Carrion, Angel # 401453 | appearance ☐ yes ☒ no |
|---|---|
| Testimony: please see CN 9511/1 | |

| Witness name: Dejesus, David # 280120 | appearance ☐ yes ☐ no |
|---|---|
| Testimony: Please see CN 9511/1 | |

| Witness name: Castro, Luis # 404725 | appearance ☐ yes ☐ no |
|---|---|
| Testimony: | |

| ☐ Witness exclusion | Name: Martinez, Felix # 334398 | Reason: |
|---|---|---|

Physical evidence, written testimony:



# Disciplinary Process Summary Report
## Connecticut Department of Correction

CN 9504/2
Rev 10/01/19

Basis for finding: Inmate Delgado, Raul # 318310 was advised of the hearing process. Advisor services provided by CTO Sealy, during hearing CTO Rodriguez stood in. Witness statements assessed at hearing. Inmate Delgado Pleads Not Guilty. In the inmates defense he states " I didn't threaten no C/O I told to Lieutenant why would I beat a C/O's ass then get more time." "My problem is with the inmates not C/O's." "The Lieutenant asked me about drugs I don't know nothing about drugs, I came to jail alone I'm gonna leave alone". Based on evidence presented and testimony given inmate Delgado is being found Guilty of a Threats disciplinary report. Sanctions and penalties imposed. Inmate advised of the appeal process.

Basis for sanctions:

To Enforce AD 9.5.

## DISPOSING OFFICER

| | | |
|---|---|---|
| Hearing officer signature: | Date: ~~2/19/20~~ 3/11/2000. |
| Disciplinary coordinator signature: | Date: |
| Investigator signature: | Date: |

## INMATE NOTICE

You may appeal a finding of guilty by a hearing officer within 15 days.

| | | |
|---|---|---|
| Delivering officer signature: | Date: 3/12/2020 |

Copies (5): investigator, reporting employee, inmate, disciplinary file and inmate master file



# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 9602
REV 9/20/17

| Facility/Unit: Corrigan CI | Date: 3-25-2020 |
|---|---|
| Inmate name: Raul Delgado | Inmate number: 318310 |

## SECTION 1: SELECT ADMINISTRATIVE REMEDY A, B or C BELOW

Follow the instructions and Refer to Section 2 below

*(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box)*

**A**  **I am filing a Grievance.**
- Prior to filing a grievance, you must attempt informal resolution.
- Attach a copy of CN 9601, Inmate Request Form with the staff member's response **OR** state in Section 4 the reason why the item is not attached.
- Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance.

**B**  **I am requesting a Health Services Review.**

| ☐ All Other Health Care Issues | ☐ Diagnosis/Treatment | **Complete Section 4** |
|---|---|---|

**C**  **I am filing an Appeal of a (select one below):** *(Appeals must be filed within 15 days of notification of a decision.)*

| ☒ Disciplinary Action | | > | **Complete Section 3 below** |
|---|---|---|---|
| ☐ Special Management Decision | ☐ Classification Decision | > | |
| ☐ Media Review Committee Decision | ☐ Furlough Decision | > | **Complete Section 4** |
| ☐ Security Risk Group Designation | ☐ ADA Decision | > | |
| ☐ Determination of Grievance Process Abuse | ☐ Rejection of Outside Tapes/CDs | > | |
| | ☐ Rejection of Correspondence | > | |

## SECTION 2: OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE
Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side.

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

## SECTION 3: DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY

- You may file a Disciplinary Appeal **ONLY** if you have pleaded not guilty and have been found guilty at a disciplinary hearing.
- If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: interfering with safety & security | Report date: 2-23-2020 |
|---|---|
| Facility where hearing was conducted: | Date of hearing: 3-11-2020 |

| Did you have an advisor? ☐ yes ☐ no | If yes, name of advisor: | | |
|---|---|---|---|
| Did you identify witness(es) to the investigator? ☒ yes ☐ no | Did your witness(es) testify? | ☒ yes ☐ no |

Name(s) of any witness(es): Dominguez Hector # 264790
Figueroa Milton # 354959
Cuadion, Angle # 401453

CONFIDENTIAL
(FOR OFFICIAL USE ONLY)

Inmate name: Raul Delgado

Inmate number: 318310

Housing: I-110

---

**SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION**

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

On Feb 23,2020 Inmate Delgado, Raul was housed at McDougal CI, at 4:31 pm Officer Cruz misuse of D.O.C. power and wrote a unfounded ticket that allowed me to be sent to RHU and provented any contact with my Kids and family, officer Cruz stated I had some type of object and all I had was Sugar from my bread Seat Tray - I was put threw a painful ordeal. to state I interfered with safety and security was a lie, the disciplinary report was dismiss upon the investogations. and I was found NOT Guilty, upon the investogations. As A officer of D.O.C. officer Cruz abruse his power and D.O.C. processures he Knew or should have Known, that he was violating my constitutional Right and I seek to recover from the damages - there is NO Reason for abuse of power Just because your a corection officer, attach is a copy of the report and Findings. At this time I Raul Delgado # 318310 seek to recover damage in the amount of $5,000 ' there is reason to believe that for the misconduct of officer Cruz, and the Plantiff has shown by the broad of Not guilty that he should recover from this. whether or not the State law recognizes the damage claim For violation of prisoner Rights, unlawful discipline report. issues At

McDougall CI

Inmate signature: Raul Delgado

Date: 3-25-2020

---

For all remedies except health services, deposit this form in the Administrative Remedies box
For a health services issue, deposit this form in the Health Services box

**SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

Date Received:     IGP #:     T#:

Disposition:     Date of Disposition:

Reason:

☐ You have exhausted DOC's Administrative Remedies.     ☐ This matter may be appealed to:

Signature:     Date:



# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| Facility/Unit: MacDougall/walker | Report date:2/23/20 |
|---|---|
| Inmate name: Delgado,Raul | Inmate number:318310 |

| Housing unit:H-91 | Location of incident: H-2 Dayroom bottom tier | |
|---|---|---|
| Report number: MWCI2002072 | Incident date:2/23/20 | Incident time:4:31pm ☐ am ☒ pm |

| Offense: Interfering with safety and security | Offense class:  ☒ A  ☐ B  ☐ C |
|---|---|

Description of violation: On 2/23/20 at approximately 4:31 pm this officer was on post as H-2 rover. This officer gave inmate Delgado ,Raul #318310 of cell H-91 clear verbal direction to show this officer what he was concealing in his hand. Inmate Delgado refuse to show this officer the object in his hand, inmate Delgado place object in his pocket still refusing to show the object. Inmate Delgado then pulled out of his pocket 4 packs of sugar but still refuse to show what else he was concealing in his left side pocket of his state issued pants. A supervisor was notified via hand held radio. Inmate Delgado's actions are a Class A offence for Interfering with safety and security of the unit. EOR

Witness(es):

Physical evidence:

| Reporting employee (print):C/O Cruz | Title: Corrections Officer |
|---|---|
| Reporting employee (signature): | |

| Date:2/23/20 | Time:6:15pm ☐ am ☒ pm | Employee requests copy:  ☒ yes  ☐ no |
|---|---|---|

## CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☒ Administrative Detention | Date: 2-23-20 | Time: 4:45  ☐ am  ☒ pm |
|---|---|---|
| ☐ Accused inmate interviewed | ☐ Informal disposition | |

Custody Supervisor / Unit Manager name (print): J Barnes

Custody Supervisor / Unit Manager signature:

| Title: Lieutenant | Date: | Time:  ☐ am  ☒ pm |
|---|---|---|

## INMATE NOTICE

| Delivered by (print): HALL | Delivered by (signature): | |
|---|---|---|
| Title: Correction officer | Date: 2-23-20 | Time: 7:00  ☐ am  ☒ pm |

| ☐ | • Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.<br>• If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.<br>• Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.<br>• Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive. |
|---|---|



# Disciplinary Report

## Connecticut Department of Correction

RE

| Investigator: M. Mathews | Receipt date: 2/24/20 | Time: 7:52 | ☒ am | ☐ pm |

Attempt, accessory and conspiracy: When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense without having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

## CLASS A OFFENSES

Alteration of a specimen
Arson
Assault
Assault on a DOC employee
Bribery
Contraband (dangerous instrument, escape item, unauthorized currency, drug and/or tobacco, drug and/or tobacco paraphernalia, intoxicating substance, tattoo equipment, wireless communication device or component)
Creating a disturbance
Destruction of property ($100 or more)

Escape
Escape from PCS Supervision
Falsely Reporting an Incident
Felonious misconduct
Fighting
Flagrant disobedience
Hostage holding
Hostage holding of a DOC employee
Impeding order
Interfering with safety or security
Intoxication
Possession of Sexually Explicit Materials

Public Indecency
Refusal or Removal Of an Institutional Program or Policy
Refusal to give a specimen
Refusing Housing
Riot (declaration by DOC Commissioner)
Secreting identity
Security Risk Group Affiliation
Security tampering
Self-mutilation
Sexual misconduct
Theft ($100 or more)
Threats
Violation of Program Provisions

## CLASS B OFFENSES

Bartering
Causing a disruption
Contraband (unauthorized items, items in excess of authorized amounts.

Destruction of property (under $100)
Disobeying a direct order
Gambling
Giving false information

Insulting language or behavior
Misdemeanant misconduct
Out of place
Theft (under $100)

## CLASS C OFFENSES

| Disorderly conduct | Lingering | Sanitary/housing violation | Violation of unit rules |

### Waiver of 24-hour Notice

I hereby waive my right to a 24-hour notice of hearing, and request that a hearing be held at the earliest convenience of the hearing officer.

| Inmate signature: | Date: |
| Witness signature: | Date: |

### Waiver of Appearance

I hereby waive my appearance at the disciplinary hearing. This does not constitute a guilty plea.

| Inmate signature: | Date: |
| Witness signature: | Date: |

### Guilty Plea

I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| Inmate signature: | Date: |
| Investigator/hearing officer signature: | Date: |

### Deferral of prosecution

| ☐ Prosecution deferred by Disciplinary Coordinator | Through date: |
| Disciplinary Coordinator signature: | Date: |
| Inmate signature: | Date: |

# Restrictive Housing Unit Status Order
## Connecticut Department of Correction

CN 9401/1
REV 6/16/16

| Facility/Unit: | MacDougall-Walker C.I. (MacDougall) |
|---|---|

| Inmate name: | DELGADO,RAUL | Inmate number: | 318310 |
|---|---|---|---|

## SECTION 1 - STATUS

### Placement in Restrictive Housing Unit (check and date the appropriate description).

| | | |
|---|---|---|
| ☐ | Transfer Detention | Date: |
| ☒ | Administrative Detention | Date:   2/23/20 |
| ☐ | Punitive Segregation | Date: |
| ☐ | Administrative Segregation | Date: |
| ☐ | Administrative Segregation Transition | Date: |
| ☐ | Special Needs Management | Date: |
| ☐ | Chronic Discipline | Date: |
| ☐ | Special Circumstances Status | Date: |

## SECTION 2 - REASON FOR PLACEMENT

The inmate's/my continued presence in the general population poses a serious threat to life, property, self, other inmates, and/or the security of the facility because:

Inmate DELGADO,RAUL #318310 is being placed on Administrative Detention for a Class A Disciplinary "Interfering with safety and security"

| Supervisor signature: | Date:  2/23/20 |
|---|---|
| Inmate given copy of this form:    Time: 7:00   ☐ am  ☒ pm | Date:  2/23/20 |



### Disciplinary Process Summary Report
#### Connecticut Department of Correction

CN 9504/1
Rev 10/01/19

| Facility/Unit:   MACDOUGALL C. I. | Housing unit:   H2-91 / S-11 |
|---|---|

| Report date : 02/23/2020 | Report number: MWCI2002072 | Hearing date: 3/11/2020 |
|---|---|---|

| Inmate name: DELGADO, RAUL | Inmate number: 318310 |
|---|---|

| Reporting employee:  C/O CRUZ | DHO: LT. Davis |
|---|---|

| Investigator: GONZALEZ / MATTHEWS | Advisor: ~~CTO SEALY~~ CTO Rodriguez |
|---|---|

| Inmate appearance: | ☒ yes | ☐ no | Reason: |
|---|---|---|---|

☐ Suspended sentence

| ☐ Deferred prosecution | Number of days | Through: |
|---|---|---|
| ☐ Charge dismissed | By: | Reason: |

Continuances (dates and reasons):
3/4/20 → 3/17/2020 (Investigation/Advisor)

SANCTIONS:

#### SUMMARY

| | Charge/class | Plea | Finding | Forfeiture of Risk Reduction Earned Credits: | | |
|---|---|---|---|---|---|---|
| Original | INTERFERING WITH SAFETY OR SECURITY / A | Not Guilty | Not Guilty | | | |
| Substitute | | | | ☐ -10 | ☐ -15 | ☐ - 25 |
| ☐ Confidential information | Reliability: | | | ☐ - 60 | ☐ - ____ | |

| Documentation submitted: | ☐ Incident report | ☐ Medical incident report |
|---|---|---|
| | ☐ Use of force report | ☐ Other (specify) |

| Witness name: Dominguez, Hector # 264790 | appearance | ☐ yes | ☒ no |
|---|---|---|---|

Testimony: please see CN 9511/1

| Witness name: Figueroa, Milton # 354959 | appearance | ☐ yes | ☐ no |
|---|---|---|---|

Testimony: see CN 9511/1

| Witness name: Carrion, Angel # 401453 | appearance | ☐ yes | ☐ no |
|---|---|---|---|

Testimony: see CN 9511/1

| ☐ Witness exclusion | Name: | Reason: |
|---|---|---|

Physical evidence, written testimony:



# Disciplinary Process Summary Report
## Connecticut Department of Correction

Rev 10/01/19

Basis for finding: Inmate Delgado, Raul # 318310 was advised of the hearing Process. Advisor services provided by CTO Sealy. Witness statements assessed. Inmate Delgado Pleads 'Not Guilty' to interfering with safety or security. In the inmates defense he states " I dont give no c/o any problems, the c/o come over to me and ask what I have in my pocket and I told him sugar," " I took the sugar out and gave it to him I was shot (6) times I have plastic veins so its hard for me to stand so I took my pants off and handed it to the c/o for him to crack." "The c/o called a code and they come and got me." "Im trying to get home to my kids. I dont have any problems with any c/o's, I dont cause no trouble I am doing programs, I just wanna get home to my kids." Based on evidence presented and testimony given I/m Delgado is being found Not Guilty.

Basis for sanctions:

N/A

## DISPOSING OFFICER

| | | |
|---|---|---|
| Hearing officer signature: | Date: ~~2/19/20~~ 3/11/2020 | |
| Disciplinary coordinator signature: | Date: | |
| Investigator signature: | Date: | |

## INMATE NOTICE

You may appeal a finding of guilty by a hearing officer within 15 days.

| | |
|---|---|
| Delivering officer signature: | Date: 3/12/2020 |

Copies (5): investigator, reporting employee, inmate, disciplinary file and inmate master file



# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 9602
REV 9/20/17

| Facility/Unit: Mc Dougal CT | Date: 3-18-2020 |
|---|---|
| Inmate name: Paul Delgado | Inmate number: 318310 |

## SECTION 1: SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.

### Follow the instructions and Refer to Section 2 below
*(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

| **A.** ☒ | **I am filing a Grievance.** <br> • Prior to filing a grievance, you must attempt informal resolution. <br> • Attach a copy of CN 9601, Inmate Request Form with the staff member's response **OR** state in Section 4 the reason why the form is not attached. <br> • Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance. |
|---|---|

| **B.** ☐ | **I am requesting a Health Services Review:** | | |
|---|---|---|---|
| | ☐ All Other Health Care Issues | ☐ Diagnosis/Treatment | **Complete Section 4** |

| **C.** ☐ | **I am filing an Appeal of a (select one below):** *(Appeals must be filed within 15 days of notification of a decision.)* | | |
|---|---|---|---|
| | ☒ Disciplinary Action | > | **Complete Section 3 below** |
| | ☐ Special Management Decision | ☐ Classification Decision > | |
| | ☐ Media Review Committee Decision | ☐ Furlough Decision > | |
| | ☐ Security Risk Group Designation | ☐ ADA Decision > | **Complete Section 4** |
| | ☐ Determination of Grievance Process Abuse | ☐ Rejection of Outside Tapes/CDs > | |
| | | ☐ Rejection of Correspondence > | |

## SECTION 2: OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE
• Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side.

• Only one request for an administrative remedy must be submitted on this form.
• The request for an administrative remedy and the action sought should be stated simply and coherently.
• The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
• This request for an administrative remedy must be free of obscene or vulgar language or content.
• This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
• A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

## SECTION 3: DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY
• You may file a Disciplinary Appeal **ONLY** if you have pleaded not guilty and have been found guilty at a disciplinary hearing.
• If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: Threating | Report date: 3-5-2020 |
|---|---|
| Facility where hearing was conducted: Mc Dougall CT | Date of hearing: 3-11-2020 |

| Did you have an advisor? ☐ yes ☐ no | If yes, name of advisor: |
|---|---|

| Did you identify witness (es) to the investigator? ☒ yes ☐ no | Did your witness (es) testify? ☒ yes ☐ no |
|---|---|

Name(s) of any witness(es):  Carrion Angle # 401483
DeJesus David # 280120
Castro Luis # 404725

# CONFIDENTIAL
(FOR OFFICIAL USE ONLY)

Inmate name: Raul Delasdo

Inmate number: 315310

Housing: 7 - 110

## SECTION 4: STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

On 3-5-2020 I recieved a D.R. For threating. I stated I never said these words to anyone, LT Davis stated while in RHU I was arge and threaten to do bodily harm to him once I got out of RHU. this was a retaliation from the D.R. From officer Cruz and I suffer behind this, I lost my all my privileges, phone, commissary, visit's and then transfered to Corrigan and place on pro-file

the phrase "Major disruption" has a very narrow meaning. Therefore, Connecticut laws and D.O.C. directives can Not create liberty interest in most cases. Sandin vs. Conner. 115 S.Ct 2293, 2301 (1995)

According to a Connecticut Statutes. A inmate can be transfered to another prisons for any reason: unless the transfer is made in retaliation and a violation of his Fundamental Rights — This Plaintiff claims McDougall staff deprive him access to program for the sole reason of a false D.Report given by officer Cruz - Prison officials denied him FOI research that would have made the outcome different.

Inmate signature: Raul Delasdo

Date: 3-18-2020

- For all remedies except health services, deposit this form in the **Administrative Remedies** box.
- For a health services issue, deposit this form in the **Health Services** box.

## SECTION 5: DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

| Date Received: | IGP #: | T#: |
|---|---|---|

| Disposition: | Date of Disposition: |
|---|---|

Reason:

☐ You have exhausted DOC's Administrative Remedies.   ☐ This matter may be appealed to:

| Signature: | Date: |
|---|---|